NEWCOMB, Supervisor, &c. *against* BUTTERFIELD.

SAME *against* WAIT.

*Where a tres-*
*pass is commit-*
*ted on lands re-*
*served by the*
*state for the sup-*
*port of the gos-*
*pel and schools,*
*or on lands*
*belonging to the*
*state, the suit*
*must be brought*
*in the name of*
*the overseers of*
*the poor of the*
*town in which*
*the trespass is*
*committed, in*
*order to entitle*
*the plaintiff to*
*recover treble*
*damages,* under
*the act of the*
*25th April,* 1805.
*(Sess. 28. c. 94.)*
*If the suit*
*is brought by*
*the supervi-*
*sors,* under the
*act of the 5th*
*February,* 1810,
*(sess. 33. c. 5.)*

RUSSELL, on the part of the plaintiff, moved that the damages assessed by the jury, in each of the above causes, be trebled, according to the statute, and that a suggestion be entered upon the record accordingly.

It appeared, by the affidavit of the plaintiff's attorney, that the suits were for trespasses committed upon lands in the town of *Plattsburgh*, reserved for the support of the gospel and schools. The trespasses charged were for cutting and carrying away timber, against the form of the act, which gives treble damages in such cases; (sess. 28. c. 94.) and a verdict in each cause, for the same trespass, was taken for 770 dollars, which was the actual value of the timber cut and taken. That at the trial, the counsel for the plaintiff, under the direction of the court, consented to have the value trebled by the court, and not by the jury. That the defendants gave no evidence upon the trial, that the timber was cut by mis-

or the act passed the 11th *April,* 1808, (sess. 31. c. 18.) the plaintiff is not entitled to treble damages.

In order to recover *treble damages,* in cases where the party is entitled to them, the declaration of the plaintiff should refer to the act, that the defendant may be apprized of the extent of his demand, and the jury must find him guilty of the trespass alleged, and assess the *single value* of the timber or trees cut, and this finding of the jury must be endorsed on the *postea,* on the return of which the *court* will, on motion, *treble* the damages.

ALBANY,
August, 1811.

NEWCOMB
v.
BUTTER-
FIELD.

*ake, or on the supposition that the lands belonged to the defendants.

*Z. R. Shepherd* and *Van Vechten*, contra. The court cannot increase the damages, where damages are the principal thing, and it is not made apparent to the court, by record.* The authority to increase damages in certain cases, rests in judicial discretion, and there ought to be some matter of record to guide the court; for they may be misled by affidavits. It is not a matter of course, in every action of trespass *quare clausum fregit*, to give treble damages. Then how is the court to know that the trespass was wilful and malicious, or that the jury have not themselves assessed the damages? Treble damages are a penalty, and the plaintiff ought to show clearly to the court, that the defendant has incurred the penalty by a wilful and malicious trespass. There is nothing on the face of the proceedings, from which it can be made apparent that the jury have not found treble the value of the timber. The jury may give damages for breaking the *close* of the plaintiff; and how do the court know whether the damages found are to the value of the timber only?

Again, this suit is brought by the supervisors, in pursuance of the act vesting certain powers in the supervisors and assessors in the several towns in *Clinton* county, (sess. 33. c. 5.) passed the 5th *February*, 1810, which vests in them the same powers as the supervisors and commissioners possessed under the act relative to the county of *Onondaga*, passed the 23d *March*, 1798, (sess. 21. c. 48.) relative to gospel and school lots, &c. and which was made general, and extended to all the towns in the state, by the second section of the act passed the 11th *April*, 1808. (sess. 31. c. 218.) None of these acts give treble damages; they merely authorize a suit in the name of the supervisors, and direct the damages to be applied to the use of schools, and the support of the gospel.

* *Com. Dig. Dam.* (E. 7.) 1 *Roll.* 572. l. 3. 2 *Bac. Abr.* (E) *Damages.*

# 344

CASES IN THE SUPREME COURT

ALBANY,
August, 1811.

NEWCOMB
v.
BUTTER-
FIELD

The only act which gives treble damages, is that pass-/ ed *April* 9, 1805, (sess. 28. c. 94.) which is general. Where the trespass is on land belonging to private persons, the suits to recover treble damages must be brought by the owner or owners, their agents or attorneys; if it be on the land or commons of any city or town, the suit must be by the trustees of the corporation; but if on land belonging to the people of the state, the suit must be brought by the overseers of the poor of the town in which the trespass was committed, for the use of the poor.

If the supervisors, then, can maintain the action, the land in question is not that, for which, if trespasses are committed, treble damages are given. If the land belongs to the people of this state, the suit ought to have been in the name of the overseers of the poor of the town.

*Russell* observed that whether the plaintiff is to recover treble damages or not, depends on circumstances; and is a question for the court to decide. The jury are not to find treble damages.

In *England*, in an action of assault and battery, the court, if it be a case of *mayhem*, increase the damages on view or on affidavit, after verdict; and if the cause is tried before a judge of the K. B. or the same court, he may increase the damages, and the fact need not be endorsed on the *postea*.* So in regard to the case of *costs*, which is analogous, the court double or treble the costs, where the party is entitled to double or treble damages; and the costs *de incremento* are doubled or trebled, as well as those found by a jury.† According to the *English* practice, therefore, the jury are not to treble the damages; but it is to be done by the judge at the trial, or by the court, on affidavit or view, and there is no necessity of an entry on the *postea*.

*Per Curiam.* There is an insuperable objection in these

* Ld. *Raym.*176.
3 *Salk.* 115.

† *Hullock on
Costs*, 240, 241.
*Sellon's Pr.* 548.
*Com. Dig. Costs.*
(C. 4.) *Cro.
Eliz.* 480. 582.
*Yelv.* 176. *Str.*
1048. 2 *Saund.*
250.

cases, to the plaintiff's claim to the treble damages. The present actions were brought in pursuance of the act of the 17th *February*, 1810, (sess. 33. c. 5.) which authorizes the supervisors and assessors of the towns in *Clinton* county, to sue in the name of the supervisor for trespasses committed within their respective towns, upon lots set apart for the support of the gospel and schools; and the damages, when recovered, are to be applied to the use of schools and for the support of the gospel. (*Laws*, vol. 2. p. 225. and act, sess. 31. c. 218.) The act giving the treble damages, directs that the suits for trespasses upon lands belonging to the people of this state (and the gospel and school lots are such lands, for they have never been sold by the state) shall be brought by the overseers of the poor of the town in which such trespasses shall be committed, for the use of the poor thereof. The present suits are not brought by the overseers of the poor, and the damages recovered are not to go to the support of the poor, but to a different object. There is no conformity to the statute, either in the party who sues, or in the destination of the fund. The case is, therefore, not within the statute giving treble damages, for that being a penal act, is to be taken strictly, and not to be extended by equity. This is the rule even as to statutes giving costs; (3 *Burr.* 1287. *Hullock's Law of Costs*, 623.) and it applies with much more force to cases in which the actual damages are to be trebled.

But though the plaintiff is not entitled in these cases to have the damages trebled, it may not be an unfit occasion to suggest the mode in which the damages under the statute are to be ascertained and trebled. It is no doubt competent for the court to treble the damages, in cases in which they are not trebled by the jury, but the jury must find the facts by which it is to be determined whether the defendant be liable to such damages. The act provides, that if, " upon the trial," it shall appear, by evidence, that the defendant was guilty through mistake,

ALBANY, August, 1811.

NEWCOMB v. BUTTERFIELD.

or had probable presumption to believe that the land on which the timber was cut was his own, the court shall give judgment for single damages only. The measure of damages, in cases coming within the act, is treble the value of the timber cut and carried away, and the facts on which the court are to treble this value ought to appear upon the *postea.* The declaration should refer to the act, so that the defendant may be apprized of the extent of the demand; and unless the defendant upon the trial, shall bring himself within the proviso, the jury find him guilty of the trespass alleged, and assess *the single value of the timber*, and upon the return of the *postea* with this finding, the value is to be trebled by the court.

Motion denied.