Duncan J.,
delivered the Court’s opinion.
This cause was tried before mé at the sittings in April last. It was trespass for breaking and entering the house of the plaintiff, and taking away her goods. The defendant pleaded, not guilty, and justified the taking as distress for rent.
It appeared on the trial of the cause, that a tender had been made of the rent really due before the distress made; the de *288 fendant, however, went on to distrain, claiming a larger sum, and sold the plaintiff’s goods.
This remedy the law has placed in the hands of the landlord ; but an abuse of it subjects him to an action ; and if he distrains after tender, the tenant may make rescous of the goods distrained, and may maintain trespass for the injury done him by the lawless intrusion into his house, seising and carrying away his goods. The plaintiff went for damages beyond the value of the goods distrained and sold, alleging that the conduct of the defendant had been arbitrary and oppressive, and a difficulty was made whether she could recover more than double the value of the goods distrained and sold. A.s the 3d section of the act of 21st March, 1772, provided, that if distress and sale should be made where no rent was due, the owner'might, by trespass, or action on the case, against the distrainer, recover double the value of the goods, with costs of suit ; the same provision, in terms, as is contained in statute 2 W. and M. c. 25. I recommended it to the jury to find first such damages, as under all the evidence they should think proper; and secondly, double the value of the goods sold and distrained. The jury have done so ; and the damages on the second finding exceed double the value of the goods. It was agreed that the Court in Bank should render judgment for the one sum or the other, as they considered the law to be, and we are now to consider what ought to be the judgment on this verdict. It is a general principle, that where a statute gives increased damages, the writ should conclude against the form of the statute. This is very fully considered by the late President Rush in the case in 1 Browne 1.; and the law is clearly and accurately laid down. So it will be found in 8 Johns. 342. Under the statute of W. M. the precedents are all so. 8 Wentworth, 429. 2 Chitty, 289. This, then, is not an action founded on the act. “ The remedy under the act is conclusive, and does' not take away the plaintiff’s common law ac.tion : it would be unreasonable that it should. The outrage committed in making the distress, might be most wanton and grievous, and the property sold but of little value. The Legislature intended this doubling the value of the goods as a punishment: in many instances it might amount to an exemption from punishment. And the law is well settled, that where a statute gives a remedy in affirmation, for a matter actionable at common law, a party *289 may sue at common law, and wave his remedy by statute. 2 Inst. 200. 5 Johns. 175.
It would be stretching the provision of the act of 21st March, 1806, enacting, that where a remedy is provided or duty enjoined, or any thing directed to be done, by any act or acts of assembly, the directions of the said acts shall be strictly pursued ; and no penalty shall be inflicted, or any thing done, agreeably to the provisions of the common law in such case, further than shall be necessary to- carry such act or acts into effect, far beyond the spirit of this act to extend it to this case. I am entirely pursuaded that the Legislature had in view penalties, and actions for penalties, on penal statutes, and cases, where, by the common law, certain acts were indictable, for the punishment of which our acts of assembly had prescribed, or might prescribe, particular penalties, and another course of proceeding;—and such have been the decisions. The same act, the act to regulate arbitrations and proceedings, in Courts of Justice, gives a certain form of writ in actions on contracts, and statements instead of declarations. Yet it was determined that this did not take away the common law action, and that the party might proceed in the ancient form, or adopt the form prescribed by the act. Miles v. O’Hara. But what removes all doubt of the true construction of the act, is that where the Legislature intended to establish the common law action, they do so in .express terms ; they use negative words. In the same act they give a new form of ejectment, and intending to do away the ancient form, they enact, “ that all writs of ejectment shall be in the following form and no otherthus drawing the line of distinction between negative and aflirmative provisions in the same act.
The judgment must, therefore, be entered on the second finding.