[CHAMBERSBURG, NOVEMBER 1, 1828.]

## SHOEMAKER *against* NESBIT.

### IN ERROR.

If a court martial, *bona fide,* convicts a person not subject to militia duty, of an offence within its jurisdiction, as for non-attendance at training, neither the members, nor the officer executing their sentence, are liable in trespass.
If they act *mala fide,* they would be liable as trespassers, *ab initio.*
Where an act of assembly gives treble costs to the defendant, the *English* rule on this subject does not prevail, but the defendant is allowed three times the usual costs, with this restriction, that the fees of the officers are not to be trebled, where they are not regularly and usually payable by the defendant.

WRIT of error to the Court of Common Pleas of *Perry* county.

The plaintiff in error was plaintiff below, in trespass *vi et armis,* in which the jury gave a verdict for the defendant, and the court entered judgment with treble costs.

The charge of the court below to the jury, which the plaintiff excepted to, states the points of law arising there, and was as follows:—

*Charge of the Court.*—" We are of opinion, if the evidence is true, that the court of appeal was legally constituted, and had juris-

(Shoemaker *v.* Nesbit.)

diction of the case of *Samuel Shoemaker*. His name appearing on the roll of the company, being regularly noted as an absentee, and his name duly certified to the court of appeal, conformably to the provisions of the acts of assembly, notice of the appeal being given, and the court not having remitted the fine, but certified the same to Captain *Nesbit*, and he having issued his warrant, we say, upon these facts, if proved to the jury, an action of trespass could not be sustained against the captain. It is immaterial whether *Shoemaker* was in fact, and in truth, a regular member of the company or not. His name being in the roll, and regularly returned on oath to the court of appeal, their refusal to remit his fines, and having duly certified their proceedings to the captain, was sufficient authority for him to issue his warrant. The court of appeal had jurisdiction of the offence. The captain was bound to carry their sentence into effect. His process was regular; although it might have been erroneous, trespass would not necessarily be sustained. What was the captain to do? The fine regularly imposed, although erroneous, could not be released by the captain. It would overthrow the whole militia system, if captains of companies were liable in trespass and to vindictive damages, in all cases of error before courts of appeal. The plaintiff is not without remedy. If fraud or deceit be practised upon him, no doubt, an action on the case would lie for falsely enrolling an individual in a company, against a captain, or any other officer who might practise it.

" You must decide facts. If they are as we state them, and they are not controverted, we think the defendant is entitled to your verdict."

Errors assigned:—

" 1. The COURT erred in charging the jury, that an action of trespass would not lie against a militia captain, by a person who had been improperly enrolled in his company, for acts done in pursuance of a warrant issued by him for a fine imposed by a court of appeal; but that the only remedy in such case, for such a person, was an action on the case for falsely enrolling him.

" 2. The COURT erred in rendering judgment against the defendant for treble costs.

" 3. There is error in taxing treble costs, by making three times the amount of single costs; they should be half single costs, and fourth single costs."

The opinion of the court (HUSTON, J. dissenting on the first point,) was delivered by

GIBSON, C. J.—It is conceded, that if the court martial had jurisdiction, the defendant was justifiable in causing its sentence to be executed. That it was legally constituted, and had jurisdiction of the *offence*, is not disputed. But it is alleged, that the plaintiff was not *de jure*, a member of the company; consequently, that the court had not jurisdiction of his *person;* and hence, it is inferred, that the

(Shoemaker *v.* Nesbit.)

sentence is void, and the defendant a trespasser. This inference is not supported by authority, and it is certainly against reason. In *Vanderheyden* v. *Young*, 11 *Johns. Rep.* 150, pleading guilty was held to be such an admission of jurisdiction, both of the person and of the offence, as to conclude the party in a subsequent proceeding. Consent cannot give jurisdiction of the offence; but I incline to think, that such an admission would protect the court and its officer, on the maxim, *quod volenti non fit injuria.* That decision is, however, clear and indisputable law, as regards jurisdiction of the person. · A right of individual exemption may be waived; and where it is found against the party, he stands precisely as if it had not been asserted. It will not be pretended, that an attorney who had ineffectually pleaded his privilege, would, by subsequently establishing it, entitle himself, in *England*, to treat the sheriff as a trespasser; or, that a militiaman could maintain trespass against the members of a court martial for having erroneously decided, that he had not attained the age at which military duty ceases, when the offence was committed. If personal exemption could be urged any where but before the court martial itself, no one concerned in the execution of the sentence, would ever be safe. The members would proceed at their peril, although the fact of exemption, might, as in the case before us, be extremely doubtful on the evidence. A plea to the jurisdiction, is a plea in abatement; but a defence, that the accused was not a member of the corps, and not liable to military duty in it, is not in abatement, like the plea of privilege, which alleges jurisdiction elsewhere, but in bar. It goes to the root of the charge, the military character of the accused being the foundation of the prosecution, and a fact, without proof of which, the offence cannot be made out. As, then, the fact of soldiership is one on which, where it is denied, every court martial must pass, it would be intolerably severe to require the members to decide it at the peril of becoming trespassers in case the accused should be able to make out the facts of his defence, by more satisfactory evidence subsequently; and this, although they may have been compelled to decide a question of great difficulty, and have acted with the most perfect good faith: and it would still be more severe to implicate the officer who should execute the process, which ordinarily furnishes a sufficient justification, if no irregularity, or want of jurisdiction, appear on the face of it. No danger is to be apprehended that courts martial will arbitrarily assume jurisdiction of those who are notoriously not subject to military law. An act of such glaring injustice would be evidence of *mala fides*, and such a gross abuse of authority, as, on the principle of the *Six Carpenters' Case*, to make the members trespassers *ab initio.* But where a court martial has, *bona fide*, convicted a person not subject to military duty, of an offence within its jurisdiction, neither the members who composed it, nor an officer· who has executed its sentence, can be made to respond in damages.

As to the remaining point, the *English* rule of taxation in cases

(Shoemaker *v.* Nesbit.)

like the present, is to give single, half single, and quarter single costs. How a practice, so anomalous came to be established, I know not. It seems to rest entirely on the table of costs *in principio,* of which we know nothing, here, but the name. Even the *English* courts evince, of late, something like dissatisfaction at it, and seem to be restrained from abolishing it, only by respect for its antiquity.[*] It has not been adopted here, and its inconsistency with the manifest intent of the legislature, is a decisive objection to it. It is to be observed, however, that the fees of the officers are not to be trebled, where they are not regularly and usually payable by the defendant; and, with this exception, he is entitled to treble the amount of such costs as he is entitled to charge in his bill.

Judgment affirmed.

---

[Chambersburg, November 1, 1828.]

---

[*] See *Staniland* v. *Ludlam,* 4 *Barnw. & Cres.* 889, *S. C.* 10 *Eng. Com. L. Rep.* 465, and *Milner* v. *M'Clean,* 2 *Carnig & Paine,* 17, *S. C.* 12 *Com-L. Rep.* 6.