## Campbell *against* Finney.

In an action for a malicious prosecution, upon the statute of 1705, either the court or the jury may double the damage sustained by the plaintiff; but in order to authorize the court to do it, it must appear by a special finding of the jury that they have found but single damages.

WRIT of error to the court of common pleas of *Alleghany* county.

This was an action on the case for a malicious prosecution, brought by Robert Finney against Nathan G. Campbell, the plaintiff in error, to recover damages under the act of 1705, which enacts that "if any person, &c. shall be imprisoned or prosecuted without probable cause, he shall have double damages against the informer or prosecutor, to be recovered by an action at common law." The plaintiff below in his declaration counted on the statute, and the jury found a general verdict for the plaintiff for 450 dollars damages. The defendant below moved for a new trial, which motion was overruled by the court, who directed judgment to be entered for 900 dollars, double the amount of damages found by the jury. The plaintiff in error alleges that the court below erred in rendering judgment for double the amount found by the jury.

[Campbell v. Finney.]

*Hamilton* and *Forward,* for plaintiff in error.

In actions of this kind the declaration should either recite or conclude contrary to the statute. In this case the declaration did contain a conclusion against the statute. The inference is, that the plaintiff below went to the jury for the penalty which it imposed; and the court should imply that the jury gave the double damages provided for by the statute, unless the plaintiff can show that he went for single damages. The courts should require great strictness in maintaining actions for malicious prosecutions. Morrison *v.* Gross, 1 *Brown* 1—8; Rees *v.* Emerick et al., 6 *Serg. & Rawle* 288; Newcomb *v.* Butterfield, 8 *Johns. Rep.* 342; Ingle *v.* Wordsworth et al., 3 *Burr.* 1287. In Livingston *v.* Platner, 1 *Cowen* 175, it was held that the jury must assess the single value *in terms;* otherwise the court will presume they have found the treble value. At common law single damages only could be recovered. *Sayre's Dam.* 177, 178, 242. The court cannot increase the damages found by the jury, because it cannot arrive at a correct knowledge of the damages sustained. The only cases in which this can be done are, where it appears that the jury have neglected or refused. Bennet *v.* Hart, *Sayre's Rep.* 214; 12 *Mod.* 52. No example can be found in this state to authorize the proceeding of the court below, in a case in which the suit has been brought under the act of 1705. In Pennsylvania it is competent for the jury alone, and not for the court, to assess damages. Double damages never can include vindictive damages. Here the penalty imposed by the statute is given in lieu of vindictive damages. Then why did the court double the amount? Did the right arise from any thing spread upon the record? On the contrary it does not there appear that the jury intended to find single damages. In Rees *v.* Emerick et al., 6 *Serg. & Rawle* 288, Judge Duncan, at *nisi prius,* left it to the jury to find double damages, and judgment was entered on the second finding of the jury. In Cross *v.* The United States, 1 *Gall.* 26, the damages were not doubled; and that case is one in point for the plaintiff in error. The statute of 1705 is a penal one, and the courts should not advance beyond its clearly defined requisitions.

*Fetterman,* for defendant in error.

Where suit was brought on a statute to recover double damages with costs of suit, the jury found 1400 pounds damages, and the court rendered judgment for 2800 pounds. Chapman *v.* Pickergill, 1 *Wils.* 145. There is a difference between the statute of New York on which the action in Livingston *v.* Platner, 1 *Cowen* 175, was brought, and our act of 1705 on which the present case is founded. In Lobdell *v.* New Bedford, 1 *Mass. Rep.* 153, Judge Sedgwick instructed the jury to find single damages. Where the statute gives double damages, either the court or the jury may assess them. If the jury find generally, the damages will be deemed single, and the court will double them. Cross *v.* The United States, 1 *Gall.* 26.

[Campbell v. Finney.]

Under the patent laws of the United States, the jury find damages and the court trebles them. He further cited, 2 *Com. Dig. tit. Pleader,* 2 *S.* 16, *p.* 351 ; Shoemaker *v.* Nesbit, 2 *Rawle* 201 ; *Yelv.* 176.

The opinion of the Court was delivered by

ROGERS, J.—It would seem to be, under the act in question, rather the province of the jury than the court to find the double damages given by the act. That the jury have the power, under the direction of the court, there can be no doubt ; and this was the method pursued in Rees *v.* Emerick et al., 6 *Serg. & Rawle* 286. That was an action on the act of the 21st of March 1772, which declares, that if a distress and sale shall be made, when no rent is in arrear, the owner of the goods distrained and sold may, by action of trespass, or on the case, recover double the value of the goods. Justice Duncan, who tried the cause at *nisi prius,* directed the jury to find, *first,* such damages as, under all the evidence, they should think proper ; and *secondly,* double the value of the goods sold and distrained. That the jury may so find, also appears from Livingston *v.* Platner, 1 *Cowen* 175 ; 1 *Gall. Rep.* 29; Newcomb *v.* Butterfield, 8 *Johns. Rep.* 266. The jury, who try the issue joined, in an action wherein treble damages are recoverable, may assess the treble damages. *Sayre's Rep.* 214. Justice Story, in Cross *v.* The United States, on a review of the authorities, says, " Were this a case (it was an action for a penalty) in which *damages* were demanded, we think it would be good either for the court or jury to assess the double damages, if it appeared on the record that such assessment was in fact made." Here the plaintiff counts on the statute with a demand from the jury for double damages, and the presumption is that the jury gave double damages. And this presumption can only be negatived by a special finding of the jury themselves. The court have the power to double the damages only where the jury have shown by the verdict that they have not exercised the right. It is competent for the court to double the damages in cases in which they are not doubled by the jury ; but the jury must find the facts by which it is to be determined whether the defendant be liable to such damages. The declaration *should* refer to the act, so that the defendant may be apprized of the extent of the demand, and the jury must find the damages and state that they are single damages. Newcomb *v.* Butterfield, 8 *Johns. Rep.* 264. The case of Livingston *v.* Platner, 1 *Cowen* 175, which was trespass *quare clausum fregit* and for cutting the plaintiff's trees contrary to the statute, it was also ruled, that to entitle the plaintiff to have his damages and costs trebled on motion, he must, first, count upon the statute ; second, the jury must find generally for the plaintiff, and assess the single value of the wood, &c. cut and carried off, *in terms.* If they do not thus find, the court will intend that the jury have found the treble value. In the case at bar, the jury found all the facts necessary to the action of the court, except that they failed to find that the damages were double or single. In the absence

[Campbell v. Finney.]

of such proof it was the duty of the court of common pleas to presume that the jury had found double.

Judgment reversed, and judgment for the single damages found by the jury.