## Clark et al. *versus* Sargeant et al.

1. In an action to recover damages against one who cut timber, on' the land of another, and converted it, without the owner's consent, to his own use, contrary to the Act of 29th March, 1824, which makes him liable to treble damages, the presumption of law is that the jury gave all the damages authorized by the statute. This presumption can be rebutted only by showing that the jury gave only single damages, and this fact must be shown by the verdict. Without this there is no power in the court to double or treble the damages.

2. Campbell *v.* Finney, 3 Watts, 84; Hughes et al. *v.* Stevens, 12 Casey, 320, followed.

February 3d, 1886.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Crawford county:* Of January Term, 1886, No. 255.

This was an action of trespass *quare clausum fregit* for cutting and removing timber trees from the lands of the plaintiffs by the defendants brought by Haniel Clark, Edwin P. Clark and Henry A. Drake against William G. Sargeant, Samuel Gillett, Thomas J. Shonts and ·Charles Stewart.

The plea was not guilty, with the special plea that the cutting and removing said timber trees was by mistake and under the belief that they belonged to the defendants, with the offer to pay to the plaintiffs the full value of the same, viz., $223.41, and a tender of judgment for that sum with interest and cost of suit.   Verdict for the plaintiffs for $450.

· Subsequently the plaintiffs obtained a rule to show cause why the court should not treble the single damages or value of the timber cut and removed, and double the single damages or value of the timber cut and not removed, as provided by Act of Assembly. ·· The court afterwards · discharged the rule.

The plaintiffs excepted to this, and thereupon took this writ assigning for error the action of the court in discharging the rule.

*Joshua Douglass,* for plaintiff in error.—Either the jury or the court may assess the double or treble damages: . Welsh *v.* Anthony, 4 Harris, 254; Walerman *v.* Rynd *et al.*, 76 Pa. St., 59; O'Reilly *et al. v.* Shadle *et al.*, 33 Pa. St., 489.

*W. R. Bole* (*C. Van Horne* with him), for defendants in error.—To authorize the court to duplicate or triplicate damages it must appear by the verdict, when the *narr* sufficiently

[Clark v. Sargeant.]

refers itself to the statutory remedy, that the jury did not do so themselves. The verdict must, therefore, expressly be for single damages only, or the presumption will be that the jury have duplicated or triplicated them : Hughes *et al. v.* Stevens, 12 Casey, 320.

In Campbell *v.* Finney, 3 Watts, page 86, RODGERS, J. says: " Here the plaintiff counts on the statute with a demand from the jury for double damages, and the presumption is that the jury gave double damages. And this presumption can only be negatived by a special finding of the jury themselves. The court have the power to double the damages only where the jury have shown by the verdict that they have not exercised the right. It is competent for the court to double the damages in cases in which they are not doubled by the jury; but the jury must find the facts by which it is to be determined whether the defendant be liable to such damages. The declaration should refer to the act, so that the defendant may be apprised of the extent of the demand, and the jury must find the damages, and state that they are single damages " : Newcomb *v.* Butterfield, 8 Johns., Rep., 342; Livingston *v.* Platner, 1 Cowan, 175.

Chief Justice MERCUR delivered the opinion of the court, February 15th, 1886.

The only error alleged is the refusal of the court to treble the damages found by the jury. The action was trespass for the defendants cutting timber trees standing and growing on the lands of the plaintiffs without the consent of the latter, and for carrying away, converting and disposing of the same to the use of the defendants. The *narr* also averred the trespass was contrary to the Act of Assembly in such case made and provided.

The presumption of law is that the jury gave all the damages authorized by the statute : Campbell *v.* Finney, 3 Watts, 84; Hughes *et al. v.* Stevens, 36 Pa. St., 320. This presumption can be rebutted only by showing that the jury gave single damages. This fact must be shown by the verdict. It must expressly appear by the finding of the jury. *Id.* Without this there is no power in the court to double or treble the damages. It is claimed by the counsel for the plaintiffs here that the note made by the stenographer of an agreement of counsel is sufficient to prove that the jury assessed single damages only. In this view we cannot concur. It does not appear that such fact was brought to the attention of either the jury or the court. Without knowledge of any such agreement the jury could not have been influenced thereby. When after the verdict it was first suggested to the court, the latter appears to have

2 AMERMAN—2

denied all previous knowledge thereof. There is certainly nothing in the charge of the court to the jury recognizing the existence of such an agreement, nor is there anything which limits them to finding single damages only.

Judgment affirmed.