# Henning *v.* Keiper, Appellant.

*Practice, C. P.—Trial—Jury—Verdict.*

A written memorandum of a finding of a jury although filed and preserved, is no part of the record. The only verdict is that which the jury announces orally, and which is received and recorded as the jury's finding.

*Trespass—Cutting timber—Damages—Treble damages—Verdict—Act of March 29, 1824, P. L. 152.*

Under the Act of March 29, 1824, P. L. 152, the plaintiff in an action of trespass to recover damages for the cutting of timber cannot recover double or treble damages unless his declaration is sufficient to apprise the defendant of the fact that the action was brought under the statute.

Under such a declaration either the jury or the court may double or treble the damages as the facts of the case may demand; but the court cannot do so unless it clearly appears that the verdict of the jury was for single damages only.

If, in such a case, the jury returns a verdict for an amount stated, and there is nothing else in the verdict or in the charge to indicate that the verdict was for single damages only, the presumption is that the verdict is for treble damages, and judgment must be entered accordingly without further trebling the amount.

The act of March 29, 1824, is highly penal, and it is proper that it should be strictly construed.

*Appeals—Statement of question involved.*

Questions raised by assignments of error ought to be referred to in the appellant's statement of the questions involved.

*Trespass—Boundaries—Evidence.*

In an action of trespass quare clausum fregit, where the question of boundary is involved, the fact that the plaintiff pointed out to a surveyor a certain corner as being a corner of the land in controversy, does not estop the plaintiff from showing at the trial that it was not the true corner.

Argued March 2, 1908.   Appeal, No. 55, March T., 1908, by defendant, from judgment of C. P. Monroe Co., Feb. T., 1907, No. 16, on verdict for plaintiff in case of Philip G. Henning v. Amos Keiper.  Before Rice, P. J., Porter, Henderson, Orlady, Head and Beaver, JJ.   Reversed.

Trespass quare clausum fregit to recover damages for an alleged wrongful cutting of timber.  Before Staples, P. J.

The question involved related to boundary lines.

Defendant presented these points:

3. If the jury believe, from the evidence, that at the time of the alleged cutting by the defendant, there were old stone corners on the ground, and by running lines between them the plaintiff, Henning, would get all the land he was entitled to under the Michael Kreider patent, and the return of survey thereof, and which would leave the trees cut outside of these lines, then the verdict of the jury must be for the defendant. *Answer:* Denied because involved.  The corners may not have been original, or properly connected with the tract. [1]

4. If the jury believe that when John L. Westbrook, the surveyor, went on the ground to survey the land in dispute, Philip G. Henning, the plaintiff, pointed out to him an old corner as being a corner of the Michael Kreider tract, and by the adoption of which by the said John L. Westbrook, in his survey, and using the courses and distances called for in the Michael Kreider warrant, two old stone corners were found along the Henry Woolery tract, which left the trees cut outside of the Michael Kreider tract, and gave Henning all the land called for by the Michael Kreider warrant and survey, then the verdict of the jury must be for the defendant.  *Answer:* Denied because involved. [2]

5. If the jury believe that Philip G. Henning, the plaintiff,

pointed out to John L. Westbrook, the surveyor, a corner which Henning claimed to be a corner of the Michael Kreider warrant, and if, by the adoption of this corner, and using the courses and distances called for in the Michael Kreider warrant, not only the old beech tree, but also two old stone corners and the old chestnut called for in the Michael Kreider warrant were found, lines between all of which corners left the trees cut outside of these boundaries, then the verdict of the jury should be for the defendant. *Answer:* Denied because involved. [3]

Verdict for plaintiff for $60.58, which the court trebled and entered judgment for plaintiff for $181.74. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them, and (4) in trebling the amount of the verdict.

*Rogers L. Burnet,* for appellant.—As the jury may depart from it, their finding in court is what decides the rights of the parties, and what is admitted of record; the paper delivered to the judge having performed its office, is never filed or preserved; and even if it should be, it would form no part of the record. The verdict in open court taken by the proper officer was, therefore, the only competent evidence of what the jury directly found: Dornick v. Reichenback, 10 S. & R. 84; Wolfran v. Eyster, 7 Watts, 38; Walters v. Junkins, 16 S. & R. 414; Com. v. George, 12 Pa. Superior Ct. 1; Reitenbaugh v. Ludwick, 31 Pa. 131; Haycock v. Greup, 57 Pa. 438; Scott v. Scott, 110 Pa. 387; Com. v. Breyessee, 160 Pa. 451; Kramer v. Kister, 187 Pa. 227; Com. v. Mills, 3 Pa. Superior Ct. 161; Com. v. Houghton, 22 Pa. Superior Ct. 52.

It is competent for the court to double the damages in cases in which they are not doubled by the jury; but the jury must find the facts by which it is to be determined whether the defendant be liable to such damages. The declaration should refer to the act, so that the defendant may be apprised of the extent of the demand, and the jury must find the damages and state that they are single damages: Livingston v. Platner, 1

Cowen, 175; Campbell v. Finney, 3 Watts, 84; Hughes v. Stevens, 36 Pa. 320; Clark v. Sargeant, 112 Pa. 16.

*A. Mitchell Palmer,* for appellee.—The question raised by the first three assignments of error are not referred to in appellant's statement of questions involved and hence should receive no consideration in this court: Bousquet's Est., 206 Pa. 534.

The court undoubtedly had the right to submit to the jury only the question of the value of the timber and to treble the damages afterwards upon a rule, if he thought the facts warranted it: Robbins v. Farwell, 193 Pa. 37.

OPINION BY RICE, P. J., December 7, 1908:

This was an action of trespass quare clausum fregit in which by his statement the plaintiff claimed, under the statute, to recover treble the value of certain timber trees, alleged to have been cut by the defendant on the plaintiff's land, and carried away and converted to his own use by the defendant. The verdict, as recorded, was, the jury "find in favor of the plaintiff in the sum of $60.58." Allusion is made in the appellee's argument to the written memorandum of their finding brought into court by the jury, but it is well settled by the authorities that such paper, although filed and preserved, is no part of the record. The only verdict is that which the jury announced orally and which alone is received and recorded as the jury's finding: Dornick v. Reichenback, 10 S. & R. 84; Kramer v. Kister, 187 Pa. 227, 233, and cases there cited; Commonwealth v. Houghton, 22 Pa. Superior Ct. 52; Commonwealth v. Flaherty, 25 Pa. Superior Ct. 490. It follows that the paper cannot be considered in the determination of the question whether the court was justified in entering judgment for treble the amount of the verdict. It has been authoritively determined by decisions construing the third section of the Act of March 29, 1824, P. L. 152, first, that a plaintiff cannot recover double or treble damages unless his declaration is sufficient to apprise the defendant of the fact that the action was brought under the statute; second, that

under such a declaration either the jury or the court may double or treble the damages as the facts of the case may demand; but, third, that the court cannot do so unless it clearly appears that the verdict of the jury was for single damages only: Welsh v. Anthony, 16 Pa. 254; Hughes v. Stevens, 36 Pa. 320; Clark v. Sargeant, 112 Pa. 16; Dunbar Furnace Co. v. Fairchild, 121 Pa. 563; s. c., 128 Pa. 485; Robbins v. Farwell, 193 Pa. 37. Each of these cases is authority for one or more of the foregoing propositions, neither of which is disputed in the present case. The plaintiff's statement conformed to the rule, and the question is, whether it appears, in the manner that it ought to appear in order to give the court authority to enter judgment for treble the amount of the jury's award, that the verdict was for single damages only. In Campbell v. Finney, 3 Watts, 84, where the court entered judgment for double the damages awarded by the jury in an action under the act of 1705, it was held on writ of error as follows: "Here the plaintiff counts on the statute with a demand from the jury for double damages, and the presumption is that the jury gave double damages. And this presumption can only be negatived by a special finding of the jury themselves. The court have the power to double the damages only where the jury have shown by the verdict that they have not exercised the right." Accordingly, the judgment was reversed and judgment entered for the amount awarded by the jury. In Livingston v. Platner, 1 Cow. 175, a case cited with approval by Justice Rogers, it was held that to entitle the plaintiff to have his damages trebled on motion, the jury must find generally for the plaintiff and assess the single value of the wood cut or carried off "in terms." "If they do not thus find, we will intend that they have found the treble value, or that the defendant brought himself within the provisions [provisos?] of the act." To the same effect is Newcomb v. Butterfield, 8 Johns. (N. Y.) 342, a case cited in support of the strict rule thus laid down by Justice Thompson in Hughes v. Stevens, 36 Pa. 320. "Again, to authorize the court to duplicate or triplicate damages, it must appear by the verdict, when the narr. sufficiently refers itself to the statutory remedy, that the jury

did not do so themselves. The verdict must, therefore, expressly be for single damages only, or the presumption will be, that the jury have duplicated or triplicated them: Campbell v. Finney, 3 Watts, 84. All these requisites appeared in O'Reilly v. Shadle, and the judgment of the court below was affirmed. Here the narr. was at common law, and neither the court nor jury could increase the damages according to the statutory provision. But even if this defect had not existed, as already said, the verdict was general and the presumption would be as stated, that the jury had given treble the damages." It is worthy of particular notice that this presumption was allowed to prevail, notwithstanding the fact, if we may rely on the report of the case, that the court had instructed the jury "that the true measure of damages was the actual value of the wood cut and carried away by the defendants." In Clark v. Sargeant, 112 Pa. 16, Chief Justice MERCUR said: "This presumption can be rebutted only by showing that the jury gave single damages. This fact must be shown by the verdict. It must expressly appear by the finding of the jury. Without this there is no power in the court to double or treble the damages." Accordingly, it was held that a note by the court stenographer of an agreement of counsel that the question of treble damages was reserved, it not appearing that this agreement was brought to the attention of either the jury or the court, was not sufficient to rebut the presumption, for the obvious reason that without knowledge of such agreement the jury could not have been influenced thereby. Nothing was said or decided in Robbins v. Farwell, 193 Pa 37, which is in conflict with the foregoing decisions. There the plaintiff declared for treble damages. The form of the verdict and the charge of the court do not appear in the official report of the case, but in the opinion of the Supreme Court it is stated, presumably from the record, that after the evidence was closed the trial judge addressed counsel as follows: "Go to the jury on the value of the white pine, and as to treble or single damages, we will decide that afterwards." Further, quoting from the opinion of the Supreme Court, "Farwell admitted the cutting and removal of the timber; the court, on the evidence, directed the jury to find the quantity and value of it

as it stood at the date of the alleged trespass, single damages only, leaving it open to plaintiff to take a rule for treble damages under the act of March 29, 1824. The jury found for plaintiff single damages in the sum of $2,023.49." A verdict for the plaintiff for a gross sum, especially as it specified in addition the number of feet of timber and the value per thousand feet, interpreted in the light of the remark addressed to counsel and the charge, might well have been presumed on appeal or on motion for treble damages to be a verdict for single damages only, even though the jury did not use those very words. But the record in the present case falls very far short of coming up to this standard. The only thing found anywhere in the record which even tends to show that the verdict was not responsive to the issue but was for single damages only, is the following excerpt from the judge's charge: "If, however, you should determine the dispute [as to the line] in favor of the plaintiff, then you must ascertain what the lumber was worth, and as we understand it the plaintiff has agreed to accept the defendant's statement, which was 6,758 feet at about eight and ten dollars a thousand. That matter is for you. The question of quantity of the lumber has been accepted and you fix the price." A plausible argument may be made that the jury probably took this as meaning that they could not render a verdict for treble the value of the timber, but if regard be had to the settled rule upon the subject, the argument does not lead to the certain legal presumption that the jury so understood the instructions and obeyed them. It was their duty to determine the value of the timber cut and removed in order that they might determine the amount of their verdict whether for single or treble damages. In view of a remark at the conclusion of the opinion in Clark v. Sargeant, 112 Pa. 16, and of the fact that the charge is not printed in the report of the case, we have felt warranted in examining the charge as printed in the paper-books and find that there the trial judge used this language in his charge: "The question for you to determine, then, is, how much is that worth as it stood in the tree? What is the value of the ash and the white wood that the defendants cut down and removed?" Then after referring

to the testimony of the witnesses upon the subject, the judge further said: "So, you will see that there is not only a discrepancy, as to the amount, but as to the value of this timber cut down, and it will be for you to adjust the discrepancy, and determine what is the true, real value—market value—that the plaintiff is entitled to be· reimbursed on account of this alleged trespass." We are warranted in saying that the instructions in that case were quite as explicit as the above-quoted instructions given to the jury in this case. And yet, as appears by the opinion of Chief Justice MERCUR in the former case, they were not regarded as limiting the jury to finding single damages. It may be said that the view we have taken is very strict and technical, but it is not more so than the rules which governed the entering of judgment upon reserved points prior to the recent act upon the subject. It is to be remembered that the act of 1824 is highly penal, and it is proper that it should be strictly construed. Upon a view of the whole case, as shown by the record, and of the clear and explicit rule laid down in the decided cases, we conclude that there was error in entering judgment for treble the amount of the verdict.

The questions sought to be raised by the remaining assignments of error are not even hinted at in the appellant's statement of the questions involved. This is not in conformity to the rule of the court upon that subject. See Bousquet's Estate, 206 Pa. 534. We have, however, given due consideration to these assignments and conclude that there would have been manifest error in affirming without qualification the defendant's points to which they relate. The third point was erroneous because, as the learned judge said in his answer thereto, the stone corners referred to may not have been original or properly connected with the tract. He° did not declare that they were not connected with the tract, but evidently meant that the question was for the jury, and the counsel for the appellant is in error in his suggestion that the refusal of the point practically withdrew that question from the jury. The other two points were faulty because they assumed that the fact that the plaintiff pointed out to a surveyor a certain

corner as being a corner of the Michael Kreider tract, taken in connection with the other facts referred to in the point, would be conclusive upon the question of the true location of the line in dispute. But even if the plaintiff did point out that corner as the corner of the Michael Kreider tract, he would not be estopped thereby from showing upon the trial of the case that it was not the true corner. This need not be elaborated. The question as to the true location of the line in dispute was submitted to the jury by the learned trial judge in a manner as favorable to the defendant's contention as he had a right to ask.

The fifth assignment of error is sustained. The judgment is reversed, and judgment is now directed in favor of the plaintiff for the amount of the verdict.