## Foster, Appellant, *v.* Waybright.

Argued March 21, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Lee C. McCandless,* with him *Painter & Painter,* for appellant.

*Willis A. MacDonald,* with him *J. H. Cochran* and *A. R. Cingolani,* for appellees.

OPINION BY MR. JUSTICE BELL, May 21, 1951:

This appeal involves the narrow question: Was there a palpable abuse of discretion by the trial court in granting a new trial?

Plaintiff brought an action of trespass against defendant Waybright for wrongfully, wilfully and maliciously cutting and removing timber from his land. Rosner, who authorized Waybright to cut the timber, was brought onto the record as an additional defendant. The jury returned a verdict of $6000. in favor of the plaintiff and against Rosner.

The court below in granting a new trial, said: ". . . the sole reason for granting the new trial was, that . . . the evidence on behalf of the plaintiff as to the value of the timber taken was not sufficient either in quantity or quality to justify the verdict of $6000. returned by the jury; and that had the jury believed the testimony of the defendant [Waybright], the verdict is then grossly excessive."

Plaintiff was the owner of a 143 acre farm which 35 years previously had been cut for timber. He had been engaged in the timber business for more than 45 years and was undoubtedly an expert both as to timber and its value. He testified that the timber in question was principally of white oak, with some red oak and wild cherry; the stand was very tall, straight and very thick

on the ground; the trees were generally of the same size and the stump measured 18 inches; approximately 80 acres of his timber land had been cut; and the value of the timber cut and removed was $50. per acre. *He did not, however, state the number of trees cut and admitted that the growth of timber was not regular over his farm.* A neighbor who is not an expert, testified that he was familiar with the plaintiff's timber from hunting over the land for deer and that in his opinion it was worth $50. an acre, though he made no grade or count of the timber on the land nor even how many acres had been cut. The court refused to hear a third witness for plaintiff on the ground that he was not qualified.

Defendant Rosner testified that plaintiff had authorized him to cut some trees (though the number and exact location was not specified) and that he had agreed to pay plaintiff a cent apiece for posts made from trees which defendant cut. Rosner authorized Waybright to cut certain timber on plaintiff's land and pay him 2¢ a post. Waybright cut some 17,000 posts and paid Rosner from September 10, 1948 to May 1949, $301.06 for these posts. Defendant further testified that timber was cut on 30 to 40 acres of plaintiff's land; and that out of this acreage only small trees were cut and some of the acreage was not worth cutting at all. Another witness for the defendant testified that only small trees from 6 to 7 inches at the bottom were cut on 30 to 40 acres of plaintiff's land; and that out of that acreage some acres had no timber growing on them at all. A jury found that Rosner was guilty of trespass and *wilfully* causing the removal of timber from plaintiff's lands, and assessed damages at $6000. Since plaintiff claimed treble damages under the Act of June 24, 1939, P. L. 872, §935 (18 P.S. 4935), the presumption is that the verdict was for treble damages: *Campbell v. Finney,* 3 Watts 84; *Hughes v. Stevens,* 36 Pa. 320; *Clark v.*

618

*Sargeant,* 112 Pa. 16, 5 A. 44; *Henning v. Keiper,* 37 Pa. Superior Ct. 488.

The trial court which heard and saw the witnesses believed that the testimony as to the value of the timber was unsatisfactory and sketchy and that even the witness who testified for the plaintiff had no definite knowledge of the timber on plaintiff's tract of land.

The law is well and clearly settled, as stated by Mr. Justice, now Chief Justice DREW, that: " ' "We will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action": Marko v. Mendelowski, 313 Pa. 46, 169 A. 99': Girard Tr. Co. v. Geo. V. Cresson Co., 333 Pa. 418, 422, 5 A. 2d 221": *Tupponce v. Pennsylvania R. R. Co.,* 358 Pa. 589, 590, 57 A. 2d 898.

We have examined the record, as well as all the arguments of appellant, and find no palpable abuse of discretion on the part of the trial judge and therefore the appeal is dismissed.

Order affirmed.