BENTON
v.
DALE.

BENTON *against* DALE.

To entitle to treble damages and costs, in trespass under the statute, (*sess.* 36; *ch.* 56, *s.* 29, 1 *R. L* 525,) the verdict must be upon a count, or counts, under the statute, expressly; and it is not sufficient that it be upon a count upon the statute, and a general count in the same declaration.

In trespass on lands, in a court of common pleas, &c. the plaintiff, unless he recover more than $25, cannot have costs, but must pay costs to the defendant, tho' the court certify that the trespass was wilful and malicious.

And he, therefore, cannot recover costs upon his verdict, in such an action, removed here by *habeas corpus*, unless it exceed $25, though the circuit judge certify that the trespass was wilful and malicious.

The certificate of a circuit judge will not be received to entitle to treble damages and costs, in trespass under the statute, &c.

declaration contained two counts : the first under the stat-
ute. (1 *R. L.* 525, *s.* 29.) The second was general. The
cause was commenced in the Common Pleas, and removed
into this Court by *hab. corp.* On trial at the Circuit, the
verdict was general for the plaintiff, with 11 dollars dama-
ges. The Circuit Judge certified that the trespass was wil-
ful and malicious, and that the evidence applied to the
first count.

*Hastings*, moved for treble damages and treble costs ; or,
if the Court should think these not allowable, then he asked
for single costs under the *certificate.*

*F. Tracy*, contra. The verdict being general, the plaintiff
cannot recover his treble damages, &c. upon the certificate.
To entitle him to these, the verdict should have been in
terms upon the first count. (*Newcomb* v. *Butterfield*, 8
*John.* 342.)

The plaintiff would not have been entitled to single costs,
had the suit been brought here originally ; (*Crane* v. *Com-
stock*, 11 *John.* 404) and as to this action, the same rule ap-
plies, though removed by *hab. corp.* The costs upon the cer-
tificate are asked for upon the 7th section,(a) but this pro-
vides for those cases only, which are not provided for in the
5th section, and applies to the Common Pleas and Mayor's
Court only. The 4th section(b) contains no provision in
favour of trespass *quare clausum fregit*, as such, removed by
*hab. corp.* into this Court. In *Waterman* v. *Benschotten*, (13
*John.* 425) this Court refused costs beyond the damages, in
*case* for slander, removed here by the defendant, on a ver-
dict for the plaintiff of 10 dollars : and the Court say, that
because there is no saving of an action of slander in the 4th
section, " there can be no ground for any distinction between
actions originally commenced here, and those removed from
an inferiour Court by *habeas corpus.*" Nor does the act of
*April* 15, 1817, (*sess.* 40, *ch.* 278, *s.* 2) reach this case.
That act was passed after, and in consequence of the decis-
ion in *Waterman* v. *Benschotten*, but extends only to assault
and battery, false imprisonment and slanderous words, giv-

UTICA,
August, 1823.

BENTON
v.
DALE.

(a) 1 *R. E.*
345.

(b) *id.* 344.

ing costs where these actions are removed on *hab. corp.* by the defendant, and the plaintiff shall recover any thing. It leaves this action precisely as it stood before. If costs on a certificate had been intended, the legislature would have said so.

No power to certify is given by the 7th section to the Circuit Judges. Why this is the case, it is not material to inquire. *Bennet* v. *Rathbun,* (17 *John.* 37) will be relied on, but is distinguishable from this case. The plea of title is evidence there, that the defendant relies on title only. It was a case from a Justice's Court, under the 25 dollar act, (*sec.* 7, 1 *R. L.* 390) and costs are given by the 4th section of the statute concerning costs, (where title is in question in this Court) without regard to the amount of damages. A *hab. corp.* is not the continuance of an *old,* but the commencement of a *new* suit. (*Bank of Niagara* v. *M'Cracken,* 18 *John.* 494.)

He moved that costs be allowed to the defendant.

*Hastings,* in reply. The Court will, in several cases, receive a certificate of the Judge, in order to entitle to costs, as that freehold was in question. (*Farrington* v. *Rennie,* 2 *Caines' Rep.* 220. *Jackson* v. *Randall,* 11 *John.* 405.) A certificate has also been received, to entitle to costs against an executor or administrator. And it is equally proper that treble costs should be given on the same ground. The objection, that we are not entitled to the treble costs, upon the certificate, is merely technical, and arises from the verdict not happening to be upon the first count only, that alone being under the statute.

We should clearly have been entitled to our single costs in the Common Pleas. A *habeas corpus* is considered a continuance of the suit, in protection of the plaintiff's rights. It is so for the purposes of bail. (*Bell* v. *Hall,* 12 *John.* 152.) And the case of the *Niagara Bank* v. *M'Cracken,* will be found to go this length, when examined. The Court declare, in that case, that they will notice the suit below, where it is necessary to protect the plaintiff against manifest injustice. The 7th section of the statute, (1 *R. L.*

345) would have given us costs, had we recovered in the Court below ; and if we are deprived of those costs, it is by the act of the defendant. *Waterman* v. *Benschotten,* (13 *John.* 425) has no application. That case proceeded upon the ground, that the action of *slander* was expressly excepted in the 4th section. That section declares that nothing contained therein shall extend to the action of slander ; so that its being removed, by a *habeas corpus,* could make no difference. It is the same as to assault and battery, and false imprisonment, which rendered the act of 1817 necessary, in order to remedy the evil. But *Bennet* v. *Rathbun,* (17 *John.* 37) fully bears us out, in our claim for single costs. In that case the *habeas corpus* was considered a continuation of the suit, for the purposes of costs. There was only 5 dollars damages, yet double costs were allowed, the action having been commenced before a Justice, and a plea of title interposed, which carried it to the Common Pleas, whence the defendant removed it to the Supreme Court. Thus the Court allowed costs, upon the very ground which we take here, viz. that we cannot be deprived of costs by the act of the defendant. In the language of the Court, in that case, " a different construction would lead to great injustice ; for, unless we consider it a continuance of the same action, the plaintiff could not recover even single costs, unless the title actually came in question."

*Curia.* It is a sufficient answer to the application for trebling the damages, &c. that the verdict is general on both counts. To entitle the plaintiff to have the damages and costs trebled, it should have been on the first count only, which was upon the statute.

As to the application for single costs, the argument seems to have proceeded upon a misapprehension of the 7th section, which does not give costs, in the Common Pleas, in trespass on land, not concerning freehold or title, though the Court should certify that the trespass was wilful and malicious. This is an action provided for in the 5th section, which expressly regulates costs *in all actions* (in the Common Pleas) *not concerning any freehold or title of land,* nor

for any *assault, battery* or *imprisonment, replevin, slander* or *malicious prosecution,* nor *by or against executors or administrators.* It denies costs to the plaintiff, unless he recover more than 25 dollars, and gives costs to the defendant. Now here is a recovery of 11 dollars only, in an action which does not concern *freehold* or *title,* or *assault, battery, &c.* in the words of that section. Then comes the 7th section, within which this case is supposed to be ; but the 7th section extends, in terms, to those actions of trespass only, which are not provided for in the 5th section. In this Court, the plaintiff cannot have costs, unless he recover more than 50 dollars, except where freehold or title is brought in question, which was not done by the present action. In this view of the case, it is not necessary to pronounce whether the *habeas corpus* shall be deemed a continuation of the action in the Common Pleas. It being a case provided for by the 5th section, if it were a continuance, the result would be the same upon the question of costs ; which we deny to the plaintiff, and order a judgment, in favour of the defendant, for his costs.

Rule accordingly.(a)

(a) Vid. *sess.* 41, *ch.* 94, *s.* 5 *and* 16. The revision of *Kent & Radcliff,* (*vol.* 1, 530, *s.* 8) gave costs in all Courts of Record, where the verdict, in trespass, was for the plaintiff, and the *Judge* certified, upon the record, that the trespass was wilful and malicious. This being inapplicable to the Common Pleas, (composed of *Judges,* and *taxing* before any record was made,) the statute, (*sess.* 27, *ch.* 59, 3 *Webster,* 461) gives the same effect to an entry in the minutes of the Common Pleas, under their direction, that the trespass was wilful and malicious. These provisions seem to have been virtually repealed by the revision of 1813 ; and the plaintiff in most cases of small trespasses, though wilful and malicious, is now left to his remedy in a Justice's Court, if he does not mean to be mulcted in costs.