## JANE H. HUGILL v. JOSEPH J. REED.

In a declaration in an action by a tenant for unlawful distress there was a count for double value of goods, under section 11 of the act concerning distresses, to which was added a count designed to recover damages for injury to tenant's business. The jury returned, as single damages, a sum as the value of the goods distrained and sold, and a separate sum for injury to tenant's business. *Held*, that the plaintiff could not recover both sums, but as the first finding was clearly under the first count, there was no waiver of the claim for double damages by the second count and second finding. *Held*, that the last sum should be struck from the verdict, and judgment entered for double the value of the goods found by the jury.

---

This is a motion to double the damages found against a

landlord, at the suit of a tenant, for distraining and selling plaintiff's goods when no rent was due.

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the motion, *A. Endicott.*

*Contra, D. J. Pancoast.*

The opinion of the court was delivered by

REED, J.   In the trial at the Circuit the jury returned that they assessed the single damages of the plaintiff at $508.65, for the value of the goods and chattels wrongfully seized and distrained, and $291.35 for her loss and disturbance and injury to her business.

On the coming in of the *postea* the counsel for the plaintiff moves to double the amount found as the value of the goods, by force of the eleventh section of the act concerning distresses.

The answer to this motion which the counsel for the defendant makes is that the plaintiff, by his pleadings, has waived the right to claim double damages under the statute.   His argument is that under the statute the plaintiff had only a right to recover as damages the double value of the goods. That in an action not under the statute he would be free to recover damages, including both the value of the goods sold and any special damages resulting from the sale ; that plaintiff, in addition to a count upon the statute, added, in his declaration, a count for injury to possession and the business of the plaintiff; that the verdict includes both the value of the goods sold and the injury to plaintiff's business.

The conclusion of counsel is that the court, to avoid the imposition of a penalty in the way of double damages, should hold that the plaintiff has stood upon his ordinary action for a trespass, and has waived his action under the statute.

It is entirely clear that if a tenant proceeds under the statute, the measure of his recovery is double the value of the

goods. I think that it is well ruled, in the case of *Rees* v. *Emerick*, 6 *S. & R.* 286, that the tenant has his option to bring either an ordinary action of trespass or trover, or an action of trespass or case under the statute. *Com. Dig., tit. "Actions," M*, 8. When the pleadings do not, by a reference to the statute or a call for double damages, indicate the character of the suit, it will be presumed to be an ordinary action. *Com. Dig., tit. "Action Upon Statute," G*. And when a general verdict is rendered in an action in which the declaration contains a count upon a statute and also a count at common law, if applicable to either count it will be referred to the latter. *Palmer* v. *York Bank*, 18 *Me.* 166; *Newcomb* v. *Butterfield*, 8 *Johns.* 342; *Livingston* v. *Platner*, 1 *Cow.* 175; *Benton* v. *Dale*, 1 *Cow.* 160; *Osburn* v. *Lovell*, 36 *Mich.* 246.

In the last case Judge Cooley remarked that the finding could no more be applied to the one count than the other, and so was left as if it was a common law verdict.

It will be perceived that this result is not because there are two counts, one under the statute and another at common law (for Mr. Chitty advises this form of pleading, vol. 2, p. 717), but because the count on which the verdict is found is not indicated by the jury, and so the court cannot say that it applies to the penal count rather than to the other.

But in turning from these cases to the pleadings and the verdict in the present case, the facts which appeared in the former cases are not discoverable here.

The first count is drawn after Mr. Chitty's form of a count upon the statute of 2 *Wm. & M.*, of which the section in our act is a transcript. It is a good count under the statute.

But the second count is not an ordinary count for trespass *de bonis asportatis*. This count sets out a distress and sale of goods of the same value as named in the first count, namely, $2500, and concludes with a claim of damages for disturbance of possession and hindrance in carrying on her business of boarding-house keeper to the amount of $500. There is no claim under this count for the value of the goods sold which would, in an action for trespass, be an element, and usually

the most important element, in making up the damages. The theory upon which this count was framed was that the plaintiff could, under the count under the statute, recover the value of the goods only, and this count was added to recover such special damage as accrued outside of the loss of the value of the chattels.

It was intended to be supplementary to the first count. Now the verdict was divided by the jury, so as to distribute a part to each of these counts.

The value of the goods was found separately, and so was the amount of the damage to business.

The first sum could not have been found under the second count, nor the second sum under the first count. It is apparent, then, that here was a count clearly upon the statute, and a verdict of which a distinct part is referable only to this count. I do not see how it can be said that the plaintiff has waived his action for double damages. His claim to recover additional damages is groundless, and that part of the verdict is set aside. Judgment should be entered for double the amount found as the single value of the goods.