I do not think the fact that his bill is not all for services rendered jointly to the plaintiffs is material. It was stated on the argument that a part of the bill was for services rendered to the plaintiffs separately, and part for services rendered to them jointly. Assuming this to be the fact, they were still at liberty to agree that he might take his pay out of the securities before creating the new trust. On the commencement of the action, the defendant brought the securities into court and deposited them, subject to the suit; and I see no reason why his counterclaim for the actual value of the services rendered is not good as against the plaintiffs' claim for the possession of the securities, whether his lien be a legal one, or only equitable in its nature.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.

(53 Misc. Rep. 36)

SALMON v. M. E. BLASIER MFG. CO.

(Supreme Court, Trial Term, Oneida County. February, 1907.)

FORCIBLE ENTRY AND DETAINER—TREBLE DAMAGES—PLEADING.

  In an action of forcible entry and detainer, where plaintiff seeks treble damages under Code Civ. Proc. § 1669, it should appear in the complaint; and where there is no such allegation therein, a motion for treble damages will be denied.

Action by Catherine S. A. Salmon against the M. E. Blasier Manufacturing Company. Verdict for plaintiff. On motion that the recovery be trebled. Denied.

Timothy Curtin, for the motion.

W. L. Goodier, opposed.

DEVENDORF, J. The action was tried at this term of court, and a verdict rendered in favor of plaintiff, awarding $270 damages. The plaintiff now moves that the damages be trebled, claiming that the action was brought to recover for forcible entry and detainer. The defendant opposes on the grounds that the action is not brought for treble damages, and the plaintiff did not show a forcible entry.

The complaint alleges possession of the premises at the time in question in plaintiff, and that the defendant wrongfully and without any legal right entered upon and forcibly took possession of said premises, and hired a large number of men, with several teams, and caused them to forcibly enter upon said premises and excavate and dig thereon, and tear down the fences, and thereafter tore down the rear portion of the building, known as the kitchen of plaintiff's residence, and permitted the building to fall upon and destroy certain personal property of plaintiff, and that by reason of such acts of the defendant in forcibly ejecting plaintiff from said premises, as described in the complaint, the plaintiff's business, that of a boarding house keeper, was injured, and her property was broken and destroyed, and her health injured, and she sustained damage in the sum of $2,000, for which amount plaintiff demanded judgment. There is no allegation

whatever in the complaint that the plaintiff is entitled to treble damages, or that the action is brought to recover therefor; and no reference is made in any way to the fact that the defendant, by reason of the acts complained of, was liable to answer for treble damages. Neither does the complaint, in the prayer for judgment or elsewhere, ask for treble damages. The action was tried upon the trespass theory, rather than that of forcible entry and detainer. Where treble damages are claimed for cutting trees, it has been said:

"That the declaration does not allude to the statute a motion for treble damages must be denied. This is essential, as notice to the defendant of the extent to which the plaintiff claims." Brown v. Bristol, 1 Cow. 176; Newcomb v. Butterfield, 8 Johns. 342.

"On motion for treble damages, the count must be upon the statute. The jury must find for the plaintiff generally, and assess the single value of the wood cut, in terms; otherwise, the court will intend that the jury found treble damages, or that the defendant brought himself within the provisions of the act." Livingston v. Platner, 1 Cow. 175.

Again, in Benton v. Dale, 1 Cow. 160, the court says:

"It is a sufficient answer to the application for trebling the damages that the verdict is general on both counts. To entitle the plaintiff to have the damages and costs trebled, it should have been on the first count only, which was upon the statute."

The above cases, as stated, were for cutting of trees; and it may be said there is more reason why the complaint should allege for treble damages in those cases than in this, because the defendant is excused from all but single damages in the tree cases, if the trespass was casual or involuntary; or if the defendant had reason to believe he owned the land, or if the trees were taken for highway purposes. Code Civ. Proc. § 1669. I do not think Robinson v. Kinne, 1 T. & C. 60, is a point in plaintiff's favor on this motion, because that was an action to recover for waste; and the recovery in such cases is limited to the amount of damages to the freehold or inheritance. The provisions of the Revised Statutes relating to the action of waste, as said in that case, apply to all actions brought thereunder, without regard to the form of the action; and, while the complaint contained no reference to the statute or the provision of treble damages, yet it is stated in the opinion that that would not be necessary in such an action.

Plaintiff in this action asks to recover treble damages, regardless of the fact that her complaint is silent on that subject. Section 1669, Code Civ. Proc., provides that if a person is disseised, ejected, or put out of real property in a forcible manner, or, after he has been put out, is held and kept out by force, or by putting him in fear of personal violence, he is entitled to recover treble damages in an action therefor against the wrongdoer. From the language of that section I infer that the action must be brought for the recovery of treble damages, not that it can only be inferred from the complaint. There should be allegations bringing it within the scope of that section, and the damages alleged should be restricted to such as are properly provable for forcible entry and detainer. It will be observed that the complaint alleges that the plaintiff's business was injured, and her personal

property broken and destroyed, and her health injured. Clearly some of the damages are not of such a nature as to be trebled and may have been considered by the jury in fixing the amount of the verdict rendered. The damages recoverable are such only as are the natural and proximate results of forcible entry, or forcible or unlawful detainer. Therefore no recovery could be had for injured health or bodily or mental suffering.

I think the defendant was entitled to have this case tried and presented to the jury upon the theory that treble damages were to be asked for by the plaintiff and were to be awarded accordingly upon the verdict, if rendered in favor of the plaintiff. The trebling of damages is not discretionary with the court. It is a matter of right, if the plaintiff by allegation and proof comes within the lines of the statute. The language of the Code (section 1669) contemplates that the action shall be brought to recover the treble damages; and, while I think there was sufficient force used by the defendant, assuming the facts to be as found by the jury, to constitute a forcible entry, yet, considering the allegations of the complaint as a whole and the theory upon which the case was tried and submitted to the jury, I have come to the conclusion that the damages as awarded cannot legally be trebled. The motion is therefore denied.

Motion denied.