## Jacob Keizer, Plff. in Err., v. Mary C. Beemer.

A purchaser, to whom an executor conveys with the consent of the heirs, is, without regard to the executor's testamentary right to convey, the owner of the land within the meaning of the act of March 29, 1824, and, as such, entitled to recover by an action of trespass treble the value of trees wrongfully cut down upon the land and converted.

The application of a description in a deed to the monuments on the land is for the jury.

(Argued February 24, 1888. Decided April 30, 1888.)

January Term, 1888, No. 266, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Lackawanna County to review a judgment on a verdict for the plaintiff in an action of trespass, October term, 1883, No. 598. Affirmed.

The facts are stated in the charge of KNAPP, A. L. J., which was substantially as follows:

This is an action of trespass brought by the plaintiff, Mary C. Beemer, against the defendant, Jacob Keizer. It is brought under a special act of assembly, which I will read to you; it is the 3d section of the act of March 29, 1824, and is as follows:

"In all cases where any person, after the said first day of September, shall cut down or fell, or employ any person or persons to cut down or fell, any timber tree or trees, growing upon the lands of another, without the consent of the owner thereof, he, she or they so offending shall be liable to pay to such owner double the value of such tree or trees so cut down or felled; or, in case of the conversion thereof to the use of such offender or offenders, treble the value thereof, to be recovered, with costs of suit, by action of trespass or trover, as the case may be; and no prosecution by indictment shall be any bar to such action."

Cited in McCloskey v. Powell, 8 Pa. Co. Ct. 22, 23, and Walton v. Pollock, 12 Pa. Co. Ct. 216, 217.

Were this an ordinary action of trespass, it would only be necessary for the plaintiff to show that she was in possession of the land upon which the alleged trespass was committed; but in an action of trespass brought under this special act of assembly, it is necessary to show more than that; it is necessary to show that the plaintiff is rightfully in possession, or at least in possession under color of title. That question, however, will not arise in this case, because I shall instruct you, as a matter of law, that if the plaintiff in this case is in possession at all, she is in possession under such color of title as would entitle her to maintain this action.

On the part of the defense an objection has been raised to the deed of the plaintiff and her title; to her title to any land in that vicinity, on the ground that she took her deed from the executors of Mary Beemer, deceased, their right to convey not having been shown. [Upon that point I shall instruct you, as a matter of law, that if you believe that these executors undertook to sell to Mrs. Beemer this land, with the consent of the heirs, and that she bought it from them and paid them the purchase money, and entered into possession and received their deed, and that afterwards the heirs ratified that action by giving their deed, then her title to the property conveyed by these deeds (for the description is identical in both deeds) would be sufficient to enable her to maintain this action of trespass.] [4]

You understand that I have expressed no opinion upon the main point in the case, which is whether this disputed strip of land is included in the deed to Mrs. Beemer; that is a question of fact for you; but if you find that it is included, then her title is sufficient to enable her to maintain this suit.

Now the disputed property, the strip of land upon which this alleged trespass was committed, is a narrow strip between 7 and 8 rods wide, as you will remember, and about 131 rods long. The question to be decided in this case is whether this strip is included in the deed to Mrs. Beemer. If you find that it is, there may be a recovery in this case for the plaintiff; because her possession was taken under her deed, and she is supposed to have possession of all the land that the deed gives to her.

In order to come to an understanding upon this question, which you must decide, I will call your attention to the testimony showing that this strip of land is included between two lines; one of these lines we will call the "Keizer" line, because

it is the line which Mr. Keizer, the defendant, claims is the true line between his property and the property of the plaintiff; the other of these two lines we will call the "Beemer" line, because it is the line which Mrs. Beemer claims is the true line. These lines are parallel and between 7 and 8 rods apart. The property of the plaintiff goes to the Keizer line, according to her deed, wherever that Keizer line is; we will call that the "true Keizer" line; that is the line to which the plaintiff's property goes necessarily under the deed.

Now, the question is whether the Keizer line is the "true Keizer" line, or the Beemer line is the "true Keizer" line. On behalf of the plaintiff you have the testimony of two surveyors, Mr. Lawrence and Mr. Mitchell, who have examined these lines, and they give you the results of their examination of them; it is fresh in your memory; you have heard the witnesses, and you will remember what they have said in regard to those two lines. There is no doubt but that the marks upon the ground show two different lines there; a line where Mrs. Beemer claims the true line to be, and a line where Mr. Keizer claims the true line to be. The testimony of Mr. Lawrence is that the "Beemer" line is about thirty years old, while the "Keizer" line shows marks only of about fourteen or fifteen years old. This is corroborated somewhat by Mr. Mitchell.

On the other hand, on behalf of the defendant, you have first, the testimony of the plaintiff's deed. I would like to call your attention to the description of the property owned by the plaintiff in this deed, it being as follows: "Beginning at a corner in the public road, being the corner of land which was formerly conveyed to Floyd Colburn, thence along said land north 50 degrees west, 190 rods to post corner in line of land of Mary Conard tract; thence along Mary Conard tract southwest about 44 rods; thence northwest 9¾ rods to post; thence southwest 103¼ rods to post; thence southeast 100 rods to post; thence northeast 103¼ rods to post; thence along land of J. E. Keizer southeast 131¾ rods to the center of the aforesaid public road; thence along said road in a northerly course following the center thereof 44 rods to the place of beginning."

Your attention is called to the fact, that even adopting the Keizer line, which is the easterly of these two lines, the distance along this road is, according to the testimony, 44½ rods to the place of beginning; while adopting the line which Mrs.

Beemer claims, this distance would be 51 7/10 rods to the place of beginning. So that the breadth of this lot as it fronts upon the road is either 44½ or 51 7/10 rods, according as you adopt the Beemer or the Keizer line. Adopting the Keizer line, which is the most easterly line, you have a distance of 44½ rods across this lot, while if you commence back at the Beemer line, the most westerly line, you have nearly 52 rods across this lot, which fronts upon the road. . . .

It is proper for me to say to you that the plaintiff having brought this action, the burden of proof is upon her; it is necessary for her to establish, from the weight of the testimony, her case; that she had possession of this disputed strip, and from the weight of the testimony you must find that she had the possession under her deed, or else your verdict should be for the defendant.

[If you should find in favor of the defendant, you will just say generally, Verdict in favor of the defendant; while if you should find in favor of the plaintiff, you should name the amount of your verdict, which should be in treble damages under this act of assembly.] [5]

I will refresh your recollection in regard to the testimony upon the amount of damages. Two witnesses were called upon that subject; they do not entirely agree in their estimate of the amount of damages. Mr. Croüp estimates the hemlock at 15,-000 feet, the value of which he fixes at $3 a thousand, $45; 10 cords of bark at $2 a cord, $20; the 20 ties at one shilling each, $2.50, and 2 chestnut trees, 70 cents. Mr. Coss says nothing about the ties and the chestnuts, so you have no variation in the testimony in regard to ties, the oak trees, and the chestnut trees; but in regard to the hemlock trees, both as to the lumber and the bark, there is an essential variation in the estimate of these two witnesses, Mr. Coss saying the trees would go about 4 trees to the thousand (you will remember that the testimony of both was, there were 32 of these trees); that would reduce the lumber to 8,000 feet; the value he fixes the same, $3 a thousand; as to the bark, he says about 4 trees to a cord, which would make 8 cords of bark instead of 10, and he fixes the value of the bark at $2, which would make the amount of the bark the same.

[Should you find in favor of the plaintiff, it would be proper for you to find the amount of the damages and multiply it by

three, because the plaintiff is entitled to treble damages; and you may also allow interest from the time of the cutting.] [6]

Verdict and judgment were for the plaintiff, for $235.

The assignments of error specified: (1–3) The admission of the deeds, etc., under which the plaintiff claimed; (4–6) the portions of the charge in brackets; and (7) the instructions generally in regard to boundaries.

*H. M. Hannah* for plaintiff in error.

*Paul R. Weitzel* and *Lemuel Amerman* for defendant in error.

Per Curiam:

The deed of Beemer's executors having been made to Mary C. Beemer, the plaintiff, with the consent of the heirs, it certainly vested in her the equitable title to the premises in controversy, in parol of which no one could take advantage but those heirs; hence, independently of the subsequent ratification by deed, as to the defendant she was to all intents and purposes the owner; and the 3d section of the act of the 29th of March, 1824, was properly applied by the court below, to the case in hand. The question of boundary was one for the jury, and was well submitted.

The judgment is affirmed.