## Allen v. Lake Township

*Rosenn, Jenkins & Greenwald* and *Murray Mackson*, for plaintiffs.

*Lewis R. Crisman*, for defendants.

FLANNERY, J., February 14, 1956.—This matter is before the court on defendants' preliminary objections to plaintiffs' complaint.

The action is trespass, and the complaint alleges that on or about September 9, 1954, defendant township and the individual defendants opened a road in width about 10 feet on plaintiffs' land and entered the close of plaintiffs' for the purpose of constituting

the same a public dumping site; and that while opening said road, defendants did unlawfully, willfully, maliciously and negligently cut down and convert 536 trees for the loss of which plaintiffs claim treble damages pursuant to the Act of June 24, 1939, P. L. 872, sec. 935, 18 PS §4935.

Defendants have filed a demurrer alleging (1) that the complaint does not aver the giving of notice to defendant township within six months, contrary to the provisions of the Act of July 1, 1937, P. L. 2547, sec. 1; 53 PS §2774, and that (2) with respect to the second cause of action against the individual defendants, the complaint does not set forth a prayer for relief. And they have also filed a motion for a more specific complaint alleging the complaint to be insufficient in that: (1) Paragraph 5 does not allege that the gravel road was opened as a result of an official action of the township taken at an official meeting; (2) that paragraph 5 does not set forth the length of said gravel road; (3) that paragraph 8 does not allege the actual removal of any of the trees from plaintiffs' premises as would entitle them to treble damages; (4) that paragraph 8 does not disclose the size of the trees cut down, the species of tree, their condition and how they arrived at the unit value of $25 per tree, and (5) that paragraph 8 fails to allege the actual value of the trees where they stood before cutting. We shall consider the objections seriatim.

## THE DEMURRER.

Section 1 of the Act of July 1, 1937, supra, provides:

"Hereafter any person . . . claiming damages from any . . . township . . . *arising from the negligence* of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim . . . file . . . a notice in writing of such claim. . . ." (Italics supplied.)

If the complaint were grounded in negligence alone, the statute would require us to sustain the demurrer. It is clear from an examination of the complaint, however, that plaintiffs' cause of action is based not necessarily on negligence alone, but also on the willful, intentional and malicious conduct of defendants.

Matthews v. Plum Township and Plum Township School District, 152 Pa. Superior Ct. 544, was an action by plaintiff for damages sustained by him as the owner of real estate resulting from the construction of a road which constituted a nuisance. The court said, at page 549:

"The Act of July 1, 1937, P. L. 2547, above referred to, is limited to actions against municipalities, etc., *arising from negligence*. The plaintiff in this case does not ground his cause of action on negligence, but on *nuisance*, for which a municipality may in some circumstances be liable, if proved: . . ."

The purpose of the act is to provide municipalities with the opportunity of making timely investigations and avoiding the difficulties of defending against stale and fraudulent claims: Aloia v. City of Washington, 361 Pa. 620. In 18 McQuillin Municipal Corporations, (3rd ed.), §53.155, at page 586, it is stated:

"It is usually held that the requirement as to notice is inapplicable where the injury complained of is the direct result of an act committed by the city itself, for 'in such case the municipality entitled to the notice must know of the injury, and hence notice would be unnecessary.' "

And see 38 Am. Jur., Municipal Corporations, §678.

Section 935 of the Act of June 24, 1939, supra, provides:

"Whoever wilfully, negligently, or maliciously cuts down or fells or employs any person to cut down or

fell, a tree or trees growing upon the land of another, without the consent of the owner, shall be liable to pay to the owner double the value of such trees so cut down or felled, and in case of the removal from the land where grown, and the conversion thereof, treble the value, to be recovered in an appropriate action, with costs of suit."

Murdoch v. Biery, 269 Pa. 577, was an action of trespass brought under the Act of March 29, 1824, P. L. 152, to recover treble damages for timber trees cut down. The court, invoking the Act of June 9, 1911, P. L. 861, which was substantially reënacted in the Act of June 24, 1939, supra, said, at page 580:

"In the present case the new statute omits nothing found in the old, aside from the right to exact the penalty where the trespass is innocent. The Act of 1824 subjected the trespasser to the penalty of double or treble damages regardless of blame on his part (Watson v. Rynd, 76 Pa. 59), while the Act of 1911 restricts the penalty to those cases where the trespass was wilful, negligent or malicious. Therefore, to recover double or treble damages it is now necessary to aver and prove that the act was done either wilfully, negligently or maliciously; to hold otherwise would render meaningless those words in the revised statute. . . ."

This is an action of trespass for the unlawful cutting of timber trees. As such it is broad enough to include the common-law action of trespass quare clausum fregit, as the court said in Olson v. McLaughlin, 64 Pa. Superior Ct. 354, at page 357:

"The trespass complained of is the entry on lands belonging to the plaintiffs and the cutting and removal of the timber trees without their consent. In such action, if the plaintiffs should fail to establish their case for treble damages, they could, if the facts war-

ranted, recover single damages as compensation: McCloskey v. Powell, 138 Pa. 383." Yet as the court said in Kramer v. Goodlander, 98 Pa. 353, at page 363:

"Consent may be shown by acts as well as words. As the man who cuts timber is bound to know it is on his own land, or that he has the owner's permit, so the owner of timber land is bound to know where it is and to do no act to mislead an adjoining owner, or adverse claimant. . . . It is not the purpose of the statute to enable him to sell his timber at such prices. Its object is the prevention of wilful or careless cutting of another's timber by at once punishing the wrongdoer and amply compensating the owner."

Defendants' demurrer based on the Act of July 1, 1937, except with respect to the allegation of negligence, will be overruled.

With respect to defendants' second contention, the omission of a prayer for relief, plaintiffs admit the objection is well taken. The objection is sustained, and plaintiffs will be given leave to amend their second cause of action within 20 days.

### The Motion for a More Specific Complaint.

In our view whether or not the gravel road was opened as a result of an official action of the township at an official meeting is not material. As the court said in Olson v. McLaughlin, supra, at page 359:

"A municipal corporation may ratify the unauthorized tort of one of its officials by accepting the benefit or adopting the acts: Fox v. The Northern Liberties, 3 W. & S. 103. . . ." Nor need we be concerned with the length of the road. It is not material. The action is trespass for the unlawful cutting of timber trees belonging to plaintiffs.

In their third objection, defendants contend that paragraph 8 fails to allege the actual removal from

the premises in question of trees in such a manner as would entitle them to treble damages. The material part of paragraph 8 alleges that defendants . . . "did unlawfully, wilfully, maliciously and negligently cut down, fill, remove, destroy and convert 536 trees valued at $25 per tree, to the loss or damage to the plaintiffs in the sum of $14,075."

The paragraph alleges that defendants "did . . . remove . . . and convert . . ." the trees. The act in providing for damages states, "and in case of the removal from the land where grown, and the conversion thereof, treble the value. . . ." The language of the paragraph would appear to comply literally with the requirements of the act, and the objection, therefore, will be overruled. See Hutchinson v. Ash, 74 D. & C. 481, at page 494.

The fourth objection equally is without merit. The size of the trees cut down, the species of said trees, their condition, uniformity of size, how plaintiffs arrived at a unit value of $25, are matters of evidence for development and proof at the trial: Hutchinson v. Ash, supra, relied on by defendants, involved a special situation. In that case plaintiffs' cause of action was based on a reservation in a deed reserving, for the purpose of mining, all beech, birch and maple timber of 20 inches or less in diameter at the date of the reservation.

Nor does defendants' final objection have merit. Paragraph 8, supra, alleges a unit value of $25. The correct measure of damages is the market value at the place of conversion. This will be a burden of proof for plaintiffs to sustain.

The demurrer to the first cause of action and the motion for a more specific complaint are overruled; the demurrer to the second cause of action is sustained, plaintiffs to have 20 days to amend.