## Tasker v. Cousins

37

*Robert V. Moser*, for plaintiffs.
*Frederick E. Lark*, for defendants.

FORTNEY, P. J., June 16, 1956.—This matter is before us on defendants' preliminary objections to a complaint in trespass. Defendants seek a more specific complaint.

Plaintiffs allege, in the complaint, they are the owners in fee and in possession of a tract of land containing 95 acres, that on or about August 8, 1955, and for several days thereafter, defendants and their servants, agents and employes, with force and arms, broke into and entered upon plaintiffs' land, and did then and there, without leave of plaintiffs, willfully, negligently, unlawfully and maliciously cut down and carry away certain trees and timber of plaintiffs, and did convert and dispose of the same to their own use, for which plaintiffs demand, inter alia, treble damages. In addition, plaintiffs seek to recover for trees, shrubbery and bushes which were destroyed and land which was damaged, as they allege, when defendants constructed a road on their premises to remove the timber.

In their first objection, defendants contend they have a right to know what part or portion of plaintiffs' lands were trespassed upon. In their third objection, they say plaintiffs should be required to aver on what portion of their land defendants constructed the road (referred to

in paragraph 5 of the complaint) over which the timber was removed. The premises of plaintiffs are described in the complaint by metes and bounds. This, we think, is sufficient: Steva v. Mitchell, 80 D. & C., 516 at 519.

Further objection is made that plaintiffs do not aver what acts of force and arms were employed by defendants in breaking and entering the lands. This objection is not pressed in defendant's brief and we consider it to have no merit.

Finally, defendants contend plaintiff should aver the number, location, size, type or kind, the value of the trees, shrubbery and bushes alleged to have been cut and removed by them. As we view this complaint, it contains two counts. Paragraph 6 is a claim for damages to land, shrubbery, bushes and trees, as the result of the construction of a road to remove timber which plaintiffs allege defendants cut. This is a common law action of trespass to redress the injury done by an award of compensation. It is generally held that the measure of damages for trees, bushes and shrubbery which are not valuable for their timber is the injury to the land that is caused by destroying them: Crowall v. Neil, 2 Northumb. 99 at 100. See, also, Foster v. Waybright, 367 Pa. 615 at 617. It is not required, under this count, to specifically aver the type or kind of trees, shrubbery or bushes destroyed. In paragraph 4 of the complaint, plaintiffs claim damages for cutting down and carrying away certain trees and timber and the conversion thereof to the use of defendants. In this count, plaintiffs seek to recover treble damages, which is the penalty prescribed by statute, and is intended to apply to those who willfully and negligently intrude upon the lands of others: Olson v. McLaughlin, 64 Pa. Superior Ct. 354 at 357. Under this count, defendants have a right to know the exact number and variety of the trees defendants are

alleged to have cut, as well as the number of board feet in each variety and the value thereof at the time of the alleged cutting and removal: Steva v. Mitchell, supra, page 519; Hutchison v. Ash, 74 D. & C. 481 at 482. In this respect, the complaint is not sufficiently specific.

We note, in paragraph 7 of the complaint, it is stated this action is brought under the provisions of the Act of June 9, 1911, P. L. 861. This act was repealed, 32 PS §581. In order for plaintiff to recover treble damages, he has to allege the act under which he is proceeding. See Hutchison v. Ash, supra, 481 at 494. This is The Penal Code of June 24, 1939, P. L. 872, sec. 935.

Under the circumstance, we make the following

*Order*

And now, June 16, 1956, the first second and third preliminary objections are dismissed. A portion of the fourth preliminary objection is sustained. It is directed that plaintiffs amend their complaint in accordance with the above opinion within 20 days from this date.

Appropriate exceptions are noted for the parties in interest.