## Hall v. Horstman Builders, Inc.

*Louis Stack,* for plaintiffs.
*Thomas D. O'Shea,* for defendant.

WALKER, *J.*, May 8, 1984—This case involves the alleged wrongful removal of trees. Defendant's preliminary objections raise two issues, (1) whether treble damages are still available for the unauthorized cutting down and removal of trees from the land of another, and (2) whether plaintiffs' complaint sets forth sufficient facts upon which a claim for punitive damages can be raised.

## TREBLE DAMAGES

Treble damages are a creature of statute and cannot exist in its absence. Hughes v. Stevens, 36 Pa. 320, 322 (1860). The act of March 29, 1824, P.L. 152, created this civil remedy, providing for treble damages in a suit brought by a landowner against a wrongdoer. The act also contained a penal provision making the proscribed conduct a misdemeanor. As to civil liability, section three of the act provided:

"That in all cases where any person, after the said first day of September, shall cut down or fell, or employ any person or persons to cut down or fell, any timber tree or trees, growing upon the lands of another, without the consent of the owner thereof, he, she or they, so offending, shall be liable to pay to such owner, double the value of such tree or trees, so cut down or felled; or in case of the conversion thereof to the use of such offender or offenders, treble the value thereof, to be recovered with costs of suit, by action of trespass or trover, as the case may be, and no prosecution by indictment shall be any bar to such action."

By the Act of March 31, 1860, P.L. 427, §79, the 1824 Act was repealed except the third section thereof. The act of June 9, 1911, P.L. 861, supplant-

ed section three of the 1824 Act. The 1911 Act encompassed the same subject matter as the 1824 Act. It once again provided for criminal sanctions against the errant woodsman. However, the 1824 Act had provided for treble damages regardless of culpability on the part of the trespasser, while the 1911 Act added a qualification to the invocation of either the civil or criminal remedy requiring that the person acted willfully, negligently, or maliciously. Section four of the 1911 Act provided:

"If any person shall wilfully, negligently, or maliciously cut down or fell, or employ any person to cut down or fell, a tree or trees growing upon the land of another, without the consent of the owner, such person shall be liable to pay to the owner double the value of such trees so cut down or felled, and in case of the removal from the land where grown, and the conversion thereof, treble the value, to be recovered in an appropriate action, with costs of suit; and no prosecution under any other section of this act shall be a bar to the recovery of damages under this section."

Sections two and three of this act were amended by the Act of April 27, 1925, P.L. 826. These provisions subsequently became part of the Penal Code of 1939, Act of June 24, 1939, P.L. 375, §935, 18 P.S. §4935, which stated:

"Felling or Converting Trees; Penalty; Right to Retake.—Whoever wilfully, negligently, or maliciously cuts down or fells or employs any person to cut down or fell, a tree or trees growing upon the land of another, without the consent of the owner, shall be liable to pay to the owner double the value of such trees so cut down or felled, and in case of the removal from the land where grown, and the conversion thereof, treble the value, to be recovered in an appropriate action, with costs of suit.

"No prosecution under any other section of this act shall be a bar to the recovery of damages under this section."

This statute was amended by the Act of July 23, 1971, P.L. 236, to change the gradation of the offense from a misdemeanor to a summary offense. The 1939 Act as amended was repealed when the Penal Code was re-enacted as the Crimes Code in 1972, by the accompanying Repealer Act of 1972, §5.

Plaintiffs argue that treble damages are still available, taking the position that the legislature has never specifically repealed the civil provisions which authorize treble damages. Plaintiff looks to 1 Pa. C.S. §1929, which is directed at preserving independent civil remedies once a penal statute is enacted pertaining to the same conduct, for the inverse of its stated principle: that the removal of penal provisions should not be construed so as to deprive plaintiff of civil provisions for treble damages.

This argument suffers from a fatal flaw. It views the Repealer Act as not repealing all of the Penal Code but only the penal provisions of the Penal Code, leaving any civil provisions intact. This is contrary to the plain lanaguage of the repeal provision which states:

"The following acts and parts of acts are repealed absolutely . . .. [e]xcept sections 718 and 719, the Act of June 24, 1939 (P.L. 872, no. 375,) known as the Penal Code." When the Penal Code was absolutely repealed, no independent statutory authority existed for the availability of treble damages for the wrongful removal of trees. Thus, there was nothing for §1929 to preserve.

The successive statutes reviewed above repealed, supplied, or supplanted each other, that is, they took the place of or served as a substitute for their prede-

cessor. Each in its turn becomes the comprehensive statutory pronouncement on the subject matter of concern herein. In this vein, the court in Murdoch v. Biery, 269 Pa. 517, 112 A. 679 (1922), held that the 1911 Act wholly repealed the 1824 Act, reasoning that to hold otherwise would render meaningless the requirement of the 1911 Act that the trespass be willful, negligent or malicious.

When the last statute in a line of statutes providing for both penal and civil remedies, except for a brief interlude when only a civil provision existed was repealed, treble damages were no longer available. Thus, paragraphs 7 and 14 of plaintiffs' complaint will be stricken.

## PUNITIVE DAMAGES

Defendant's attack on the plaintiff's claim for punitive damages, although labeled a "Motion to Strike," sounds more in the nature of a demurrer or a motion for a more specific pleading. Perhaps when a demurrer is crossed with a motion for a more specific pleading, the resulting progeny is a motion to strike. In any event, we will discuss the issue from both points of view.

It is obvious that this Commonwealth has long protected Penn's Woods by sanctions imposed on those who would destroy its trees. The treble damage statutes discussed above are in themselves a form of punitive damages. In 1824, when the first of those statutes was adopted, the virgin timber which clothed the Commonwealth was no doubt glorious to behold. Today the remnants of that forest which exists in such places as Hearts Content and Cook's Forest are awesome "to him who in the love of nature communes with her visible forms." The towering pines and hemlocks, the spreading chestnuts and vase-like elms now largely destroyed by a

foreign invader, the ridges covered with maple and oak which blazed on nature's palette in October, all cried out for protection. Thus, it was early decided that if one wished to cut one's own trees, so be it, but woe unto he who cut his neighbor's tree. Given this historical background, we find it obvious that punitive damages are an appropriate remedy for the destruction of another's trees if that destruction is accompanied by the necessary mental state. Therefore, insofar as the second preliminary objection is deemed a demurrer, the objection will be overruled.

We must next consider whether sufficient facts have been pled to support the claim for punitive damages. The complaint alleges "that defendant acted maliciously and with wanton disregard of plaintiffs' rights in that defendant knew plaintiffs were the owners of said property and the trees and timber located thereon."

Defendant maintains that the complaint does not plead facts which would support a finding that defendant acted with evil motive or reckless indifference to the rights of plaintiff. Plaintiff responds that it may generally aver a state of mind, that they should not be required to plead evidence, and that any necessary refinement of the details surrounding this cause of action can be accomplished through discovery. In response, defendant states that the allowance for general averment of a state of mind was not meant to negate the requirement of pleading the factual circumstances giving rise to an inference as to the state of mind of the actor. Witchey v. Lisi, 17 D.&C. 3d 131 (1980), Van Ingen v. Wentz, 70 D.&C. 2d 555 (1975), Nido v. Chambers, 70 D.&C. 2d 129 (1975).

Plaintiff has alleged a wanton and reckless state of mind on the part of defendant. Of necessity, a state of mind must be averred generally. While we

agree with defendant that the allowance of general averment of a state of mind under Pa.R.C.P. 1019(b) was not meant to eliminate the need for pleading factual circumstances which support an inference of a wanton, reckless, or malicious state of mind, unlike defendant, we believe that plaintiff has sufficiently averred the facts to support that inference. Essentially, the complaint alleges that plaintiffs were the owners of a certain piece of real estate from which defendant wrongfully removed trees, knowing that plaintiffs were the owners of the real estate and trees. These facts are sufficient to support the inference of a wanton or malicious state of mind. Thus, viewed as a whole, the complaint with its specific factual averments and general averment of the wanton and malicious state of mind of the defendant is sufficient to support a claim for punitive damages.

Although drawing a line between pleading facts and evidence is difficult, such lines must be drawn. In this case to require plaintiffs to allege further detail would require them to plead evidence, as it would require allegations of how defendant knew plaintiffs were the owners of the property and under what circumstances defendant was made aware of that ownership. Our rules of pleading only require the pleading of facts adequate to enable the defendant to effectively prepare a defense. In alleging that defendant knew plaintiffs were the owner when it removed the trees, plaintiffs satisfied that requirement.

## ORDER

And now, May 8, 1984, paragraphs 7 and 14 of the amended complaint relating to treble damages are stricken. The balance of defendant's preliminary objections are overruled.